# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-352V
### Filed: December 13, 2016

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| JEANETTE J. FOSTER, | * | UNPUBLISHED |
| *as Power of Attorney For* | * | |
| WENDY A. ADAMS | * | |
| | * | Interim Costs; Respondent |
| Petitioner, | * | Does Not Oppose |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Nancy Meyers, Ward Black Law, Greensboro, NC, for petitioner.*
*Douglas Ross, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON INTERIM COSTS[1]

**Roth,** Special Master:

On April 8, 2015, Jeanette J. Foster ("Ms. Foster" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"), as power of attorney for Wendy A. Adams. Petitioner alleged that Ms. Adams developed cerebellar ataxia and acute cerebellitis after receiving an influenza vaccine on October 8, 2013. *See generally* Petition ("Pet."), ECF No. 1.

Petitioner now seeks an award of interim costs in the amount of $10,696.38. Interim Motion for Costs Only ("Motion for Costs"), ECF No. 53. Respondent has indicated that she has

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

no objection to petitioner's application for interim costs. After careful consideration, the undersigned has determined to grant the request.

Interim fees and costs may be paid at the discretion of the special master. *See Avera v. Sec'y of HHS*, 515 F.3d 1343, 1352 (Fed. Cir. 2008) ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") While this matter has not been pending for a "protracted" amount of time,[3] an anticipated conclusion does not appear to be imminent. Due to the amount of cases currently scheduled for hearing, it is unlikely that this matter will be set for hearing until some time in 2018. Petitioner obtained the services of expert witness, Lawrence Steinman, M.D. Dr. Steinman's fees account for $9,500.00 of the $10,696.38 in costs that petitioner has requested. Pet. Ex. 51, filed Nov. 10, 2016 [ECF No. 59]. Therefore, an award of interim costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

The undersigned would like to emphasize that interim fees and costs are not routinely awarded. *Woods v. Sec'y of HHS*, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012). Interim fees and costs are the exception, rather than the rule. However, based on the overall circumstances of this case and the reasonableness of the request for costs, the undersigned **GRANTS** petitioner's motion for attorneys' costs.

**Accordingly, the undersigned awards a lump sum of $10,696.38 in the form of a check jointly payable to petitioner and petitioner's counsel, Nancy Meyers.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[3] This matter has been pending for approximately 21 months.
[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.